1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMES L. TUCKER,                          No.  2:13-cv-2185-EFB

12              Plaintiff,

13        v.                                    ORDER

14   CAROLYN COLVIN, Acting
     Commissioner of Social Security
15
                Defendant.
16

17

18        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") terminating plaintiff's previously granted Disability Insurance Benefits

20   ("DIB") under Title II of the Social Security Act.  The parties' cross-motions for summary

21   judgment are pending.  For the reasons discussed below, plaintiff's motion is granted and

22   defendant's motion is denied.

23   I.        BACKGROUND

24        Plaintiff filed an application for a period of disability and DIB on May 24, 2001, alleging

25   that he had been disabled since May 1, 2001.  Administrative Record ("AR") 402.  On February

26   27, 2003, administrative law judge ("ALJ") Robert K. Rogers found that plaintiff was disabled as

27   of May 1, 2001 and awarded DIB benefits.  *Id*. at 398-408.  On March 6, 2012, the Social

28   Security Administration determined that plaintiff was no longer disabled as of February 1, 2012.

                                               1

1  *Id*. at 67-70.  Plaintiff subsequently requested a hearing before an ALJ.  *Id*. at 110-111.  On May

2  13, 2013, a hearing was held before ALJ L. Kalei Fong.  *Id*. at 24-54.  Plaintiff was represented

3  by counsel at the hearing, at which he and a vocational expert ("VE") testified.  *Id*.

4  On July 15, 2013, the ALJ issued a decision finding that plaintiff was no longer disabled

5  under sections 216(i) and 223(f) of the Act.  *Id*. at 6-23.  The ALJ made the following specific

6  findings:

7   1.  The most recent favorable medical decision finding that the claimant was disabled is the
8       decision dated May 1, 2001.  This is known as the "comparison point decision" or CPD.[1]

9   2.  At the time of the CPD, the claimant had the following medically determinable
10      impairments: spinal stenosis, hypertension, obesity, and depression.  These impairments
        were found to result in the residual functional capacity to lift and/or carry fifty pounds
11      occasionally and twenty-five pounds frequently.  He could stand and/or walk for forty-five
        minutes at one time.  He could sit for thirty minutes at one time.  The claimant required an
12      option to alternate sitting and standing at will and additional unscheduled breaks totaling
        two hours in an eight-hour workday.  The claimant could perform task-oriented jobs that
13      required no more than occasional contact with the public (5B/5).  The claimant was
        restricted from using foot controls (5B/8).
14

15  3.  Through February 1, 2012, the date the claimant's disability ended, the claimant did not
        engage in substantial gainful activity (20 CFR 404.1594(f)(1)).
16

17  4.  The medical evidence establishes that as of February 1, 2012, the claimant had the
        following medically determinable impairments: cervical and lumbar degenerative disk
18      disease, obesity, hypertension, migraine headaches, bilateral median neuropathy at the
        wrists, peripheral neuropathy of the upper extremities, obstructive sleep apnea, pre-type II
19      diabetes, a bone spur in the right ankle, and osteoarthritis of the right knee.

20  5.  Since February 1, 2012, the claimant did not have an impairment or combination of
        impairments which met or medically equaled the severity of an impairment listed in 20
21      CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

22      * * *

23  6.  Medical improvement occurred as of February 1, 2012 (20 CFR 404.1594(b)(1)).
24

25  7.  The claimant's medical improvement is related to the ability to work because it resulted in
        an increase in the claimant's residual functional capacity (20 CFR 404.1594(c)(3)(ii)).

26

27  _____

    [1] As noted by the defendant, the actual date of the CPD was February 27, 2003.  ECF No.
28  16 at 7.  The May 1, 2001 dated referred to by the ALJ is the onset date of plaintiff's disability.
    This date confusion appears to be a scrivener's error and does not undermine the ALJ's decision.

* * *

8. As of February 1, 2012, the claimant continued to have a severe impairment or combination of impairments (20 CFR 404.1594(f)(6)).

* * *

9. Based on the impairments present as of February 1, 2012, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). The claimant can push, pull, lift and/or carry twenty pounds occasionally and ten pounds frequently. He can walk and/or stand without limitations. The claimant requires no device for ambulation. He can occasionally bend, kneel, stoop, crouch, or crawl. He has no restrictions in his ability to walk on uneven terrain, climb ladders, or work at heights. He can sit without restrictions. He can perform fine and gross manipulative movements. He cannot reach overhead with the left upper extremity. He has no limits in the use of his right upper extremity.

* * *

10. As of February 1, 2012, the claimant was unable to perform past relevant work (20 CFR 404.1565).

* * *

11. On February 1, 2012, the claimant was an individual closely approaching advanced age (20 CFR 404.1563).

* * *

12. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

13. Beginning on February 1, 2012, transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

14. As of February 1, 2012, considering claimant's age, education, work experience, and residual functional capacity based on the impairments present as of February 1, 2012, the claimant was able to perform a significant number of jobs in the national economy (20 CFR 404.1560(c) and 404.1566).

* * *

15. The claimant's disability ended as of the date of this decision (20 CFR 404.1594(f)(8)).

*Id*. at 10-19.

Plaintiff requested that the Appeals Council review the ALJ's decision, *id.* at 5, and on August 21, 2013, the Appeals Council denied review, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-4.

II.      LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

III.     ANALYSIS

Plaintiff argues that remand is necessary because (1) the Commissioner failed to file a complete administrative record, (2) the ALJ's finding of medical improvement is not supported by substantial evidence, and (3) the ALJ's failed to satisfy his burden of demonstrating that there are a sufficient number of jobs plaintiff could perform given his residual functional capacity ("RFC"). ECF No. 12-1 at 5-8.

/////

/////

1    Plaintiff first argues that the record is incomplete, as the comparison point decision

2    ("CPD") and the underlying medical evidence which the CPD was based upon is not included in

3    the record.  ECF No. 12-1 at 5-6.  Specifically, plaintiff contends that as this evidence was not

4    and is not in the administrative record, it was not considered and properly evaluated.  Thus, the

5    Commissioner could not have met the burden of proving "medical improvement" as there was no

6    previous medical evidence of plaintiff's impairments to compare to his current impairments.  *Id.*

7    at 6.

8    Social security claimants have the initial burden of proving disability.  *Bowen v. Yuckert*,

9    482 U.S. 137, 146 n.5; *Iida v. Heckler*, 705 F.2d 363 (9th Cir. 1983).  "Once a claimant has been

10   found to be disabled, however, a presumption of continuing disability arises in her favor."

11   *Bellamy v. Secretary of Health and Human Services*, 775 F.2d 1380, 1381 (9th Cir. 1985) (citing

12   *Murray v. Heckler*, 722 F.2d 499, 500 (9th Cir. 1983)).  A claimant that has been awarded

13   disability benefits is subject to periodic disability review.  20 C.F.R. § 404.1594(a).  To determine

14   whether a claimant continues to be disabled for purposes of receiving DIB benefits, the

15   Commissioner must engage in an eight-step evaluation process.  20 C.F.R. § 404.1594(f)(1)-(8).

16   During step three, which is of particular importance to the instant dispute, the Commissioner

17   determines whether the claimant has experienced "medical improvement."  20 C.F.R.

18   § 404.1594(f)(3).

19   A "medical improvement" is defined as "any decrease in the medical severity of your

20   impairment(s) which was present at the time of the most recent favorable medical decision that

21   you were disabled or continued to be disabled.  A determination that there has been a decrease in

22   medical severity must be based on changes (improvement) in the symptom, signs and/or

23   laboratory findings associated with your impairment(s) . . . ."  20 C.F.R. § 404.1594(b)(1).  The

24   Commissioner bears the burden of proving "medical improvement."  *Bellamy*, 755 F.2d at 1381;

25   *see also Murray*, 722 F.2d at 500 (finding the Secretary had the burden to come forward with

26   substantial evidence of improvement).  Thus, to determine whether "medical improvement" has

27   occurred, the Commissioner "will compare the current medical severity of that impairment(s)

28   which was present at the time of the most recent favorable medical decision that [the claimant

1   was] disabled . . . to the medical severity of that impairment(s) at that time."  20 C.F.R.

2   § 404.1594(b)(7).

3    Plaintiff contends that it is evident that the ALJ failed to make such a comparison because

4   the CPD and the medical records upon which it was based are not part of the administrative

5   record filed in this case.  ECF No. 12-1 at 5-6.  In response to plaintiff's motion, the

6   Commissioner filed a supplemental Administrative Record containing the CPD.  ECF No. 15; AR

7   398-408.  However, the Commissioner did not file any medical evidence regarding plaintiff's

8   medical condition at the time of the CPD.  Furthermore, defendant's motion for summary

9   judgment ignores plaintiff's argument that the record lacks evidence relating to the 2003 decision.

10  Instead, the Commissioner simply reiterates that the ALJ's finding that plaintiff is no longer

11  disabled is supported by medical evidence from the current record.  ECF No. 16 at 7-9.

12   As explained below, the medical records from the time of the CPD should have been

13  included in the administrative record in this case.  It was not, and the ALJ has failed to

14  demonstrate that medical improvement occurred.  Absent substantial evidence to support a

15  finding in that regard requires that the matter be remanded for further consideration.

16   The U.S. Court of Appeals for the Ninth Circuit has not yet addressed the precise manner

17  in which an ALJ must compare a claimant's previous and current impairments to determine

18  whether medical improvement has occurred.  However, other circuits have found that an ALJ

19  must evaluate the medical evidence upon which the claimant's original disability status was

20  based, as well as the current medical evidence, when determining whether there has in fact been

21  medical improvement.  *See Byron v. Heckler*, 742 F.2d 1232, 1236 (10th Cir. 1984) (per curiam)

22  ("In order for evidence to be present, there must also be an evaluation of the medical evidence for

23  the original finding of disability."); *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984)

24  (holding the ALJ was "required to evaluate the medical evidence upon which [claimant] was

25  originally found to be disabled" to prove medical improvement); *Veino v. Barnhart*, 312 F.3d

26  578, 587 (2d Cir. 2002) (finding that the court lacked an adequate basis to uphold the

27  Commissioner's conclusion that medical improvement had occurred because the record did not

28  include the medical evidence as to claimant's condition when he was initially found disabled).

1   Furthermore, district courts in this Circuit that have reached the issue have similarly concluded

2   that in deciding whether medical improvement has occurred, an ALJ must compare current

3   medical evidence to the medical record from the time of the CPD.  *See Thao v. Astrue*, 2010 U.S.

4   Dist. LEXIS 43302 (E.D. Cal. May 4, 2010) (remanding a case for cessation of disability benefits

5   where "the Commissioner has not presented this court with the record supporting the CPD.");

6   *Chambers v. Astrue*, 2012 U.S. Dist. LEXIS 95095 (D. Or. Jul. 10, 2012) (finding a short

7   summary of the previous medical records was not enough to compare plaintiff's impairments and

8   determine if medical improvement had occurred); *Lee v. Astrue*, 2012 U.S. Dist. LEXIS 36898

9   (E.D. Cal. Mar. 16, 2012) (remanding a case for cessation of disability benefit where it was

10   "unclear whether the ALJ had reviewed or considered the medical evidence underlying the [CPD]

11   in assessing whether plaintiff experienced medical improvement").

12        Here, it is clear that the ALJ did not compare plaintiff's medical records from the time of

13   the CPD to his current medical records.  First, the administrative record filed in this case does not

14   contain any medical records from the time of the CPD.  The only documentation in the record

15   pertaining to plaintiff's medical condition at the time of the CPD is an October 2, 2012 Disability

16   Hearing Officer's Decision.[2]  AR 92-106.  This decision, however, does not constitute evidence

17   establishing plaintiff's impairments at the time of the CPD.  *See Veino*, 312 F.3d at 587.

18   Furthermore, the ALJ's decision does not cite to or reference any specific medical evidence from

19   the time of the CPD.  Thus, the ALJ failed to compare the current medical evidence with the

20   medical record from the time of the CPD.  Accordingly, this matter must be remanded for further

21   consideration of plaintiff's medical record.[3]

22   /////

23   /////

24   _____

25        [2] Although the Commissioner filed a copy of the CPD in a supplemental administrative record, AR 398-408, there is no indication that a copy of the CPD was in the record utilized by

26   the ALJ.  In fact, in summarizing plaintiff's RFC at the time of the CPD, the ALJ specifically cites to the Disability Hearing Officer's decision, and not the CPD.  *Id*. at 11.

27        [3] Because the court finds that remand is necessary based on the ALJ's failure to consider

28   all of the medical evidence, the court declines to address plaintiff's additional arguments.

1    IV.    <u>CONCLUSION</u>

2          The ALJ's decision is not supported by substantial evidence.  Therefore, it is hereby

3    ORDERED that:

4          1.  Plaintiff's motion for summary judgment is granted;

5          2.  The Commissioner's cross-motion for summary judgment is denied;

6          3.  The Clerk is directed to enter judgment in the plaintiff's favor; and

7          4.  The matter is remanded for further consideration consistent with this opinion.

8    DATED:  March 16, 2015.

9

10                              EDMUND F. BRENNAN
                              UNITED STATES MAGISTRATE JUDGE
11